UNITED STATES *v.* OKUDA & Co., H. R. OKUDA (No. 3858)[1]

United States Court of Customs and Patent Appeals, April 29, 1935

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *Marcus Higginbotham, Jr.*, special attorneys, of counsel), for the United States.
*Lawrence & Tuttle* for appellee.

[Oral argument April 15, 1935, by Mr. Folks; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The Government has here appealed from a judgment of the First Division of the United States Customs Court sustaining protests against the classification and duty assessments by the Collector of Customs at the port of Los Angeles, Calif., of merchandise comprising small figures of animals, composed principally of plaster of paris, but having a coating of celluloid.

The appraiser in describing the merchandise seems to have reported that the celluloid constituted the component material of chief value and the collector made classification under paragraph 31 (b) (2), Tariff Act of 1930, taking duty at 60 per centum ad valorem.

It subsequently developed from an analysis made at the instance of the importers by a Government analyst that the plaster of paris, in fact, constituted the component material of chief value, and the Government here concedes that the collector's classification was erroneous, but makes the claim that the merchandise is properly classifiable under that portion of paragraph 205 (e), Tariff Act of 1930, which reads:

PAR. 205. * * * (e) Statues, statuettes, * * * wholly or in chief value of plaster of Paris, not specially provided for, 60 per centum ad valorem.

[1] T. D. 47713.

This court is asked by the Government to reverse the judgment of the trial court without affirming the collector's classification.

The importers made alternative claims in their protests, the one principally relied upon being that sustained by the trial court, to wit, that the merchandise should be classified and assessed for duty under that portion of paragraph 205 (e) which reads:

* * * manufactures of which plaster of Paris is the component material of chief value, not specially provided for, 35 per centum ad valorem.

It is not clear from the record just when the Government first conceded that the classification of the collector was erroneous, but the opinion of the trial court discloses that the claim as to the articles being classifiable as statuettes was not presented until the Government filed a brief several months after the final submission of the case, and such claim was then made, according to the court's opinion, as an alternative claim, that is, that "if not dutiable as celluloid articles, the merchandise should be classified as statuettes * * *."

The concession before us, however, is specific and unequivocal, the brief saying,

We admit that the Collector's classification was in error. The animal figures are not in chief value of cellulose * * *.

This concession is entirely proper and correct, in view of the report of the analyst, which is the only evidence in the case upon this point, to the effect that the relative values of the respective materials are, plaster of paris 70.20 per centum; cellulose ester compound, 29.80 per centum. We need, therefore, give no consideration to the applicability of the paragraph under which the collector classified the merchandise.

It is pointed out by the trial court that the exhibit of the merchandise on file consists of the figure of an elephant, colored brown, with white tusks; that its extreme length is 4 inches, its height about 2⅝ inches and breadth about 1¼ inches; that the great bulk of the article is a hard white substance resembling plaster of paris and that the celluloid is present as a surface coating, being similar to a coating of brown paint.

In the course of its opinion, the trial court said:

We disregard the contention raised by defendant in its brief that, if not dutiable as celluloid articles, the merchandise should be classified as statuettes of plaster of paris, and assessed with duty at 60 percent ad valorem under paragraph 205. Defendant's brief was not filed till March 10, 1934, about eight months after the hearing of June 27, 1933. Not only is it very late in the day to urge this contention, but proof is lacking that these articles are statuettes. While they appear to be very exact miniature figures of animals, we cannot say that they rise to the dignity of being statuettes.

The material assignments of error before us are to the effect that the importers failed to sustain the burden of proof resting upon them, and that the merchandise is more specifically provided for as statuettes

48

under paragraph 205 (e) than as manufactures under the same paragraph.

No presumption of correctness, of course, attaches to the classification for which the Government now contends. Such presumption did attach to the collector's classification, but this was overcome.

It seems to us that the importers must be held, at least *prima facie*, to have met the burden which normally rested upon them.

We have before us no evidence whatever except the figure itself, as above described, and we are asked, simply from an inspection of it and a reading of certain dictionary definitions of statuettes, to reverse the judgment of the trial court, and hold them to be statuettes.

We do not feel it proper to do so upon the record presented.

The judgment of the United States Customs Court is *affirmed*.